IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| TINA M. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:19-00050 |
| | ) |
| UNIVERSITY OF VIRGINIA | ) |
| MEDICAL CENTER, and | ) |
| CHARLES WILSON, and | ) |
| RYAN M. RALL, and | ) |
| COMMONWEALTH OF VIRGINIA, and | ) |
| RECTOR AND BOARD OF VISITORS | ) |
| OF THE UNIVERSITY OF VIRGINIA, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT RECTOR AND BOARD OF VISITORS OF THE UNIVERSITY
OF VIRGINIA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant the Rector and Board of Visitors of the University of Virginia ("UVA"), by counsel, for its Answer to the Amended Complaint, states the following:[1]

**PARTIES**

1. UVA is without sufficient information to admit or deny the allegations related to Plaintiff's present whereabouts. UVA denies the remaining allegations in Paragraph 1.

2. The allegations in Paragraph 2 are conclusions of law to which no response is necessary.

3. UVA admits the allegation that the Rector and Board of Visitors of the University of Virginia is an agency of the Commonwealth and denies the remaining allegations in Paragraph 3.

4. UVA denies the allegations in Paragraph 4.

---

[1] The unnumbered paragraphs contained in the section titled "Amended Complaint" and the section beginning with "Summary of Defendants' Conduct" do not comport with the pleading requirements of Fed. R. Civ. P. 10(b). Therefore, UVA responds to the allegations in the unnumbered paragraphs by denying liability and referring the Court to its answers contained in the numbered responses herein.

5. The allegations in Paragraph 5 are conclusions of law to which no response is necessary. Moreover, pursuant to a Consent Order entered by the Albemarle County Circuit Court on August 26, 2019, Plaintiff dismissed the University of Virginia Medical Center entirely and dismissed the claims under 42 U.S.C. § 2000e(b) against the Commonwealth of Virginia. *See* ECF No. 1 at Ex. A.

6. UVA is without sufficient information to admit or deny the allegations related to Charles Wilson's present whereabouts. UVA admits Mr. Wilson was employed at UVA Medical Center and denies the remaining allegations in Paragraph 6.

7. UVA is without sufficient information to admit or deny the allegations related to Ryan M. Rall's present whereabouts. UVA admits Mr. Rall was employed at UVA Medical Center and denies the remaining allegations in Paragraph 7.

8. UVA admits the allegations in Paragraph 8.

## JURISDICTION

9. The allegations in Paragraph 9 are conclusions of law to which no response is necessary.

10. The allegations in Paragraph 10 are conclusions of law to which no response is necessary.

11. UVA denies the commission of any tortious acts against Plaintiff and denies the remaining allegations of Paragraph 11.

12. UVA states that the University of Virginia Medical Center has been dismissed from this lawsuit because it is not a legal entity, ECF No. 1 at Ex. A, and therefore denies the allegations in Paragraph 12.

13.     UVA is without sufficient information to admit or deny the allegations related to Charles Wilson's present whereabouts.  UVA admits Mr. Wilson was employed at UVA Medical Center and denies the remaining allegations in Paragraph 13.

14.     UVA is without sufficient information to admit or deny the allegations related to Ryan M. Rall's present whereabouts.  UVA admits Mr. Rall was employed at UVA Medical Center and denies the remaining allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are conclusions of law to which no response is necessary.

16.     The allegations in Paragraph 16 are conclusions of law to which no response is necessary.

## VENUE

17.     UVA states that the University of Virginia Medical Center has been dismissed from this lawsuit because it is not a legal entity, ECF No. 1 at Ex. A, and therefore denies the allegations in Paragraph 17.

18.     UVA denies it committed any torts or acts that gave rise to a cause of action in Albemarle County or any other county, as alleged in Paragraph 18.

19.     UVA admits that it maintains employment records for its Medical Center. UVA denies the remaining allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are conclusions of law to which no response is necessary.

21.     The allegations in Paragraph 9 are conclusions of law to which no response is necessary.

3

## PROCEDURAL STATUS

22. The document referenced in Paragraph 22 speaks for itself such that no response is required. To the extent a response is required, UVA admits that Plaintiff filed a Charge of Discrimination on May 9, 2018, and denies the remaining allegations in Paragraph 22.

23. UVA admits the allegations in Paragraph 23.

24. UVA admits the allegations in Paragraph 24.

25. UVA admits the allegations in Paragraph 25.

26. The document referenced in Paragraph 26 speaks for itself such that no response is required. To the extent a response is required, UVA admits that the U.S. Department of Justice, Civil Rights Division, issued a Notice of Right to Sue Within 90 Days based on Plaintiff's request on May 23, 2019, and denies the remaining allegations in Paragraph 26.

27. The allegations in Paragraph 27 are conclusions of law to which no response is necessary.

28. On information and belief, UVA admits the allegations in Paragraph 28, but clarifies that it was not a party to this lawsuit at the time the Albemarle County Circuit Court entered the June 12, 2019 Consent Order.

## BACKGROUND

29. UVA admits that Ms. McCoy began her employment at the University of Virginia Medical Center, a division of UVA, on or about May 27, 2014 and that Brenda Barrett was her immediate supervisor. UVA denies the remaining allegation in Paragraph 29.

30. UVA denies the allegations in Paragraph 30.

4

31. UVA admits that Charlie Wilson had previously been employed at the University of Virginia Medical Center from 2003 to 2010, but expressly denies that he was "separated...based on allegations of sexual harassment." UVA denies the remaining allegations in Paragraph 31.

32. UVA denies the allegations in Paragraph 32.

33. UVA denies the allegations in Paragraph 33.

34. UVA admits that Plaintiff took leave under the Family and Medical Leave Act ("FMLA"). UVA denies that Plaintiff suffered harassment or injury of any kind related to any alleged harassment. UVA is without sufficient information to admit or deny the remaining allegations in Paragraph 34.

35. The documents referenced in Paragraph 35 speak for themselves such that no response is required. To the extent a response is required, UVA denies that Plaintiff suffered harassment or injury of any kind related to any alleged harassment. UVA is without sufficient information to admit or deny the remaining allegations in Paragraph 35.

36. The documents referenced in Paragraph 36 speak for themselves such that no response is required. To the extent a response is required, UVA denies the allegations in Paragraph 36.

37. UVA denies the allegations in Paragraph 37.

38. UVA denies the allegations in Paragraph 38.

39. UVA denies the allegations in Paragraph 39.

40. UVA admits that Mr. Wilson and Ms. McCoy consensually went out to dinner and saw each other outside of work but denies the remaining allegations in Paragraph 40.

41. UVA is without sufficient information to admit or deny the allegations in Paragraph 41.

42. UVA denies the allegations in Paragraph 42.

43. UVA denies the allegations in Paragraph 43.

44. The documents referenced in Paragraph 44 speak for themselves such that no response is required. To the extent a response is required, UVA denies the allegations in Paragraph 44.

45. UVA denies the allegations in Paragraph 45.

46. UVA denies the allegations in Paragraph 46.

47. UVA denies the allegations in Paragraph 47 as phrased.

48. UVA denies the allegations in Paragraph 48.

49. The document referenced in Paragraph 49 speaks for itself such that no response is required. To the extent a response is required, UVA admits that Mr. Piccirilli submitted a written statement on or about March 9, 2018.

50. The document referenced in Paragraph 50 speaks for itself such that no response is required. To the extent a response is required, UVA admits that Mr. Piccirilli submitted a written statement on or about March 9, 2018.

51. UVA denies the allegations in Paragraph 51.

52. UVA admits that Plaintiff met with Ms. Barrett and Mr. Russell on March 8, 2018, and denies the remaining allegations in Paragraph 52.

53. UVA admits that Plaintiff discussed with Ms. Barrett and Mr. Russell what she perceived as inappropriate and uncomfortable comments, which prompted UVA to place both Mr. Rall and Mr. Wilson on administrative leave while it investigated Ms. McCoy's concerns. UVA denies the remaining allegations in Paragraph 53.

54. UVA denies the allegations in Paragraph 54 as phrased.

55. UVA is without sufficient information to admit or deny how Plaintiff may or may not have "felt," but expressly denies the remaining allegations in Paragraph 55.

56. UVA is without sufficient information to admit or deny the allegations in Paragraph 56.

57. UVA admits that it placed Mr. Rall and Mr. Wilson on administrative leave while it investigated Ms. McCoy's concerns, and denies the remaining allegations in Paragraph 57 as phrased.

58. UVA denies the allegations in Paragraph 58.

59. The document referenced in Paragraph 59 speaks for itself such that no response is required. To the extent a response is required, UVA admits that Plaintiff sent an email to Jill Melton on March 12, 2018.

60. UVA admits that Plaintiff met with Ms. Melton, Mr. Barrett, and Mr. Russell on March 13, 2018. UVA denies the remaining allegations in Paragraph 60 as phrased.

61. UVA admits that Ms. Melton provided a FEAP information pamphlet to Plaintiff at the meeting on March 13, 2019. UVA denies the remaining allegations in Paragraph 61 as phrased.

62. UVA admits the allegations in Paragraph 62.

63. UVA admits that Mr. Russell, Ms. Barrett, and Ms. Melton met with Plaintiff on March 27, 2018 to discuss the results of the investigation and inform Plaintiff that Mr. Wilson and Mr. Rall would be returning to work, but would be working on opposite shifts from Ms. McCoy and would not be interacting with Ms. McCoy. UVA denies the remaining allegations in Paragraph 63.

64. UVA denies the allegations in Paragraph 64.

65. UVA denies the allegations in Paragraph 65.

66. UVA denies the allegations in Paragraph 66.

67. UVA denies the allegations in Paragraph 67.

68. UVA admits that Mr. Wilson and Mr. Rall returned to work on or about March 28, 2018, working on opposite shifts from Ms. McCoy. UVA denies the remaining allegations in Paragraph 68.

69. UVA admits that it informed Plaintiff that any disciplinary personnel action of a co-worker is confidential. UVA denies the remaining allegations in Paragraph 69.

70. UVA denies that Plaintiff was "unable to return to work" but admits she voluntarily chose not to return to work despite UVA informing Plaintiff that she would not be scheduled with Mr. Wilson or Mr. Rall at any time going forward. UVA denies the remaining allegations in Paragraph 70.

71. UVA admits that Mr. Wilson and Mr. Rall were on paid administrative leave for the duration of its investigation into Plaintiff's allegations. UVA admits that Plaintiff subsequently filed for FMLA leave, which is unpaid under the law. UVA denies the remaining allegations in Paragraph 71.

72. UVA denies the allegations in Paragraph 72.

73. UVA denies that Jennifer Martin was never interviewed in connection with its investigation. The documents referenced in Paragraph 73 speak for themselves such that no response is required. To the extent a response is required, UVA admits that Ms. Martin provided two written statements in connection with the investigation and denies the remaining allegations in Paragraph 73.

74. UVA denies the allegations in Paragraph 74.

8

Case 3:19-cv-00050-NKM-JCH   Document 2   Filed 09/13/19   Page 8 of 19   Pageid#: 109

75. UVA denies the allegations in Paragraph 75 as phrased.

76. UVA denies the allegations in Paragraph 76.

77. UVA denies the allegations in Paragraph 77 as phrased.

78. UVA denies the allegations in Paragraph 78.

79. UVA denies the allegations in Paragraph 79.

80. UVA denies that its actions caused any injuries to Plaintiff as alleged in Paragraph 80.

81. UVA is without sufficient information to admit or deny the allegations of Paragraph 81, but denies that its actions caused any injures to Plaintiff as alleged in Paragraph 81.

82. UVA admits that Plaintiff was on FMLA leave from March 30, 2018 until her voluntary resignation. UVA denies the remaining allegations in Paragraph 82.

83. UVA is without sufficient information to admit or deny the allegations of Paragraph 83, but denies that its actions caused any injures to Plaintiff as alleged in Paragraph 83.

84. UVA admits that Mr. Wilson and Mr. Rall were on paid administrative leave for the duration of its investigation into Plaintiff's allegations. UVA admits that Plaintiff subsequently filed for FMLA leave, which is unpaid under the law. UVA denies the remaining allegations in Paragraph 84.

85. UVA denies the allegations in Paragraph 85.

86. UVA denies the allegations in Paragraph 86.

87. UVA denies the allegations in Paragraph 87.

88. UVA denies the allegations in Paragraph 88.

## COUNT ONE
## ASSAULT AND BATTERY
### (against Charlie Wilson)

89. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 88.

90 – 95. The allegations in Count One do not state a cause of action against UVA and it denies any liability regarding the allegations in Paragraphs 90 through 95.

## COUNT TWO
## ASSAULT AND BATTERY –
## RESPONDEAT SUPERIOR LIABILITY (FOR CHARLIE WILSON)
### (against Commonwealth of Virginia)

96. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 95.

97 – 109. The allegations in Count Two do not state a cause of action against UVA and it denies any liability regarding the allegations in Paragraphs 97 through 109.

## COUNT THREE
## ASSAULT AND BATTERY
### (against Ryan Rall)

110. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 109.

111-116. The allegations in Count Three do not state a cause of action against UVA and it denies any liability regarding the allegations in Paragraphs 111 through 116.

## COUNT FOUR -
## ASSAULT AND BATTERY
## RESPONDEAT SUPERIOR LIABILITY (FOR RYAN M. RALL)
### (against the Commonwealth of Virginia)

117. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 116.

118 – 130. The allegations in Count Four do not state a cause of action against UVA and it denies any liability regarding the allegations in Paragraphs 118 through 130.

## COUNT FIVE
## NEGLIGENT HIRING AND RETENTION OF EMPLOYEE (CHARLIE WILSON)
### (against Commonwealth of Virginia)

131. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 130.

132 – 149. The allegations in Count Seven do not state a cause of action against UVA, it denies any liability regarding the allegations in Paragraphs 132 through 149.

## COUNT SIX
## NEGLIGENT HIRING AND RETENTION OF EMPLOYEE (RYAN RALL)
### (against Commonwealth of Virginia)

150. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 149 above.

151 – 166. The allegations in Count Six do not state a cause of action against UVA, and it denies any liability regarding the allegations in Paragraphs 151-166.

## COUNT SEVEN -
## NEGLIGENCE OR GROSS NEGLIGENCE
### (against Commonwealth of Virginia)

167. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 166.

168-174. The allegations in Count Seven do not state a cause of action against UVA, and it denies any liability regarding the allegations in Paragraphs 168 through 174.

# COUNT EIGHT –
## COMMON LAW WRONGFUL (CONSTRUCTIVE) TERMINATION OF EMPLOYMENT FOR OPPOSING OR RESISTING CRIMINAL CONDUCT
### (against Commonwealth of Virginia)

175. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 174.

176-190. The allegations in Count Eight do not state a cause of action against UVA, and it denies any liability regarding the allegations in Paragraphs 176 through 190.

# COUNT NINE -
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against all Defendants)

191. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 190.

192. UVA denies the allegations in Paragraph 192.

193. UVA denies the allegations in Paragraph 193.

194. UVA denies the allegations in Paragraph 194.

195. UVA denies the allegations in Paragraph 195.

196. UVA denies the allegations in Paragraph 196.

197. UVA denies the allegations in Paragraph 197.

198. UVA denies the allegations in Paragraph 198.

199. UVA denies the allegations in Paragraph 199.

200. UVA denies the allegations in Paragraph 200.

201. UVA denies the allegations in Paragraph 201.

202. UVA denies the allegations in Paragraph 202.

203. UVA denies the allegations in Paragraph 203.

204. UVA denies the allegations in Paragraph 204.

205. UVA denies the allegations in Paragraph 205.

206. UVA denies the allegations in Paragraph 206.

### COUNT TEN –
### GENDER DISCRIMINATION AND
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII
(against the Rector and Board of Visitors of the University of Virginia, UVA Medical Center and the Commonwealth of Virginia)

207. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 206.

208. UVA denies the allegations in Paragraph 208.

209. UVA denies the allegations in Paragraph 209.

210. UVA denies the allegations in Paragraph 210.

211. UVA admits that it was aware of and investigated the allegations against Mr. Wilson and Mr. Rall following Plaintiff's report of their conduct. UVA denies the remaining allegations in Paragraph 211.

212. The documents referenced in Paragraph 212 speak for themselves such that no response is required. To the extent a response is required, UVA admits that Ms. Martin provided two written statements in connection with the investigation and denies the remaining allegations in Paragraph 212.

213. The documents referenced in Paragraph 213 speak for themselves such that no response is required. To the extent a response is required, UVA admits that Ms. Martin provided two written statements in connection with the investigation and denies the remaining allegations in Paragraph 213.

214. The document referenced in Paragraph 214 speaks for itself such that no response is required. To the extent a response is required, UVA admits that Mr. Piccirilli

13

provided a written statements in connection with the investigation and denies the remaining allegations in Paragraph 214.

215. UVA denies the allegations in Paragraph 215.

216. UVA denies the allegations in Paragraph 216.

217. UVA denies the allegations in Paragraph 217.

218. UVA denies the allegations in Paragraph 218.

219. UVA denies the allegations in Paragraph 219.

**COUNT ELEVEN**
**RETALIATION IN VIOLATION OF TITLE VII**
**(against the Rector and Board of Visitors of the University of Virginia,**
**UVA Medical Center and the Commonwealth of Virginia)**

**UVA is filing a Motion to Dismiss Count Eleven for failing to state a claim upon which relief may be granted contemporaneously with filing its Answer. UVA preserves all applicable defenses.**

220. UVA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 219.

221. UVA denies the allegations in Paragraph 221.

222. UVA admits that it placed Mr. Rall and Mr. Wilson on administrative leave while it fully complied with its duty and investigated Ms. McCoy's concerns. UVA denies the remaining allegations in Paragraph 222.

223. UVA denies the allegations in Paragraph 223.

224. UVA denies the allegations in Paragraph 224.

225. UVA denies the allegations in Paragraph 225.

226. UVA admits that Mr. Wilson and Mr. Rall were on paid administrative leave for the duration of its investigation into Plaintiff's allegations. UVA admits that Plaintiff

14

subsequently filed for FMLA leave, which is unpaid under the law. UVA denies the remaining allegations in Paragraph 226.

227. UVA denies the allegations in Paragraph 227.

228. UVA denies the allegations in Paragraph 228.

229. UVA denies the allegations in Paragraph 229.

230. UVA denies the allegations in Paragraph 230.

231. UVA denies the allegations in Paragraph 231.

232. UVA denies the allegations in Paragraph 232.

## PRAYER FOR RELIEF

233. Regarding the sentence beginning with the word "Wherefore" and immediately following Paragraph 232 of the Amended Complaint, UVA admits that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

## JURY DEMAND

234. UVA admits that Plaintiff has requested a trial by jury on all Counts.

## GENERAL DENIAL

235. UVA denies each and every allegation of fact, conclusion of law, or other matter contained in Plaintiff's Amended Complaint not expressly admitted herein.

## DEFENSES

UVA asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to UVA and are Plaintiff's burden to prove. UVA further expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. UVA denies that it is liable to Plaintiff in any way or for any amount whatsoever.

2. Plaintiff has failed to state a claim upon which relief may be granted. Specifically, with respect to Plaintiff's retaliation claims, she has failed to allege that she suffered an adverse action causally related to any alleged protected activity.

3. UVA intends to rely upon the defense, as may be developed through discovery and the evidence, that Plaintiff's claims are barred by the doctrines of laches, waiver, unclean hands, estoppel, or are precluded by the relevant statute or statutes of limitations.

4. UVA intends to rely upon the defense, as may be developed through discovery and the evidence, that Plaintiff has failed to exhaust her administrative remedies.

5. UVA states that, to the extent that any of Plaintiff's claims arise out of conduct that occurred more than three hundred (300) days prior to the filing of an administrative charge, such claims are barred.

6. At all times relevant to Plaintiff's Amended Complaint, UVA promulgated and maintained policies and procedures to prevent and correct any alleged illegal discrimination, harassment, or retaliation in the workplace.

7. Plaintiff unreasonably failed to take advantage of UVA's policies and procedures designed to prevent and correct illegal discrimination, harassment, and retaliation.

8. UVA exercised reasonable care to promptly prevent and correct any alleged harassing behavior.

9. All actions taken by UVA with respect to Plaintiff were justified, reasonable, and in good faith, without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure Plaintiff.

16

10. All employment actions taken by UVA with respect to Plaintiff and referred to herein were motivated by legitimate, non-discriminatory and non-retaliatory reasons.

11. UVA asserts that, to the extent Plaintiff's managers and supervisors were unaware of alleged claims of discrimination or harassment, an inference exists that any adverse employment action made without this knowledge was not pretextual or retaliatory under applicable discrimination statutes.

12. UVA has not engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff, thus punitive damages are not appropriate.

13. Plaintiff has failed to allege any facts that would support an award of compensatory or punitive damages.

14. Plaintiff failed to mitigate her damages, if in fact damages are proven.

15. Plaintiff is not entitled to any award for lost back wages for any period during which she was unable to work.

16. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by UVA, UVA is entitled to an offset and credit concerning Plaintiff's alleged damages, such as an offset or credit based, for example, on earnings and unemployment compensation Plaintiff has received since the events about which she complains.

17. To the extent Plaintiff has suffered any injury or harm, which is denied, Plaintiff's damages have been caused by her own conduct or the conduct of others for whom UVA has no responsibility.

18. UVA states that it intends to rely upon any and all other defenses, as may be developed through discovery and the evidence, and UVA reserves the right to alter, amend,

17

Case 3:19-cv-00050-NKM-JCH   Document 2   Filed 09/13/19   Page 17 of 19   Pageid#: 118

or add to this Answer to the Amended Complaint and these Defenses at any time prior to trial or during trial, to conform the same to the evidence produced in discovery or at trial.

WHEREFORE, having answered Plaintiff's Amended Complaint and asserted its Defenses, Defendant The Rector and Board of Visitors of the University of Virginia respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, enter judgment in favor of UVA, and award UVA its attorneys' fees and any other relief the Court deems appropriate.

Dated: <u>September 13, 2019</u>     Respectfully Submitted,

By   /s/   Elizabeth M. Ebanks
Elizabeth M. Ebanks (VSB #72111)
elizabeth.ebanks@ogletree.com
Bret G. Daniel (VSB #92189)
bret.daniel@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Richmond, VA  23219
Tel.:   (804) 663-2330
Fax:   (855) 843-1809
*Counsel for the Rector and Board of Visitors of the University of Virginia*

18

CERTIFICATE OF SERVICE

   I hereby certify that on this 13th day of September, 2019, I electronically filed the foregoing with the clerk of the court using the CM/ECF system to:

Carla D. Brown
CHARLSON BREDEHOFT COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
cbrown@cbcblaw.com

*Counsel for Plaintiff*

E. Lewis Kincer, Jr.
Office of the Attorney General
202 N. Ninth Street
Richmond, Virginia 23219
Telephone: (804) 371-2101
Fax: (804) 371-2087
Email: ekincerjr@oag.state.va.us

*Counsel for Defendants
the Commonwealth of Virginia, Charles Wilson, and Ryan M. Rall*

By   /s/   Elizabeth M. Ebanks
Elizabeth M. Ebanks (VSB #72111)
elizabeth.ebanks@ogletree.com
Bret G. Daniel (VSB #92189)
bret.daniel@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA 23219
Tel.: (804) 663-2330
Fax: (855) 843-1809

*Counsel for the Rector and Board
of Visitors of the University of Virginia*

39901511.6