UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TINA M. MCCOY, *Plaintiff,* v. UNIVERSITY OF VIRGINIA MEDICAL CENTER, *et al.*, *Defendants.* | CASE NO. 3:19-cv-00050 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

Federal Rule of Civil Procedure 54(b) permits a district court to enter final judgment as to one or more but fewer than all claims in an action involving multiple claims or multiple parties. Fed. R. Civ. P. 54(b). Plaintiff Tina McCoy filed an unopposed motion for entry of final judgment under the rule, asking the Court to enter final judgment as to counts two through eleven of the amended complaint and as to all Defendants in the case except Defendant Charles Wilson. Dkt. 77. The Court will grant the unopposed motion. *See* Dkt. 79.

Rule 54(b) certification involves two steps. First, the district court must determine that the judgment is final. *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980). Second, the district court must determine whether there is any just reason for delay. Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). In determining whether there is no just reason

for delay, courts consider the following five factors: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335–36 (4th Cir. 1993).

This case came before the Court after it was removed from Albemarle County Circuit Court in 2019. Dkt. 1. Along with the removal notice was Plaintiff's amended complaint, which asserted eleven counts against four defendants.[1] Dkt. 1-3. Plaintiff sued (1) Wilson under counts one and nine, (2) Ryan Rall under counts three and nine, (3) the Commonwealth of Virginia under counts two through eleven, and (4) the Rector and Board of Visitors of the University of Virginia under counts nine through eleven. *Id.*

The Court has entered three separate Orders and Memorandum Opinions in this case. Dkts. 47, 59, 69. As a result, "[t]he assault and battery claims against [Charles] Wilson are all that remain in this case." Dkt. 68 at 20. Because there has been an "ultimate disposition of individual claim[s] entered in the course of a multiple claims action," the judgment as to counts two through eleven

---

[1] Counts one and three are individual claims of assault and battery and counts two and four are respondeat superior claims for assault and battery. The remaining counts are as follows: negligent hiring and retention (counts five and six), negligence or gross negligence (count seven), common law wrongful termination of employment (count eight), intentional infliction of emotional distress (count nine), gender discrimination and hostile work environment (count ten), and retaliation (count eleven).

and the termination of Defendants Rall, the Commonwealth, and the Board of Visitors is final. *See Curtiss-Wright*, 446 U.S. at 7.

Further, the Court finds that there is no just reason for delaying entry of final judgment. As a preliminary matter, there is no significant relationship between the adjudicated claims (counts two through eleven) and the remaining unadjudicated claim (count one against Wilson). The remaining claim for assault and battery only involves Wilson, and Wilson was not named as a defendant in any of the claims that are the subject of this motion.[2] Entry of final judgment would have no effect on the last remaining count against Wilson because the adjudicated counts all concern different theories of liability against different defendants.

Moreover, an appeal of counts two through eleven would not be mooted by further developments in this Court, and there is no reason to believe that the reviewing appellate court would have to consider the same issue again, once count one is adjudicated. The outcome of Plaintiff's claim for assault and battery against Wilson is separate and distinct from the already adjudicated legal issues that would be reviewed on appeal. *See* Dkt. 47 (ruling that counts two and four through eight failed to meet the requirements of the Virginia Tort Claims Act and dismissing those Counts under Fed. R. Civ. P. 12(b)(1) against the Commonwealth); Dkts. 58–59 (ruling that Plaintiff failed to plead a prima facie case of retaliation under Title VII against the Board of Visitors); Dkts. 68–69 (granting summary judgment in favor of Defendants Rall, Commonwealth, and Board of Visitors on counts two, nine, ten, and eleven).

There are also no pending claims or counterclaims which could result in a set-off against the judgment Plaintiff is requesting. Further, this case was set for trial in 2020 but was continued

---

[2] Wilson is named as a defendant under count nine, but because he remains a defendant for the assault and battery claim, Plaintiff's motion does not include count 9 as to him. Dkt. 78 at 2 n. 1.

due to COVID-19. Now it has been continued again—for other exigent circumstances. Dkt. 75 (granting unopposed motion to continue until at least June 21, 2021). Entering final judgment will allow Plaintiff to appeal this Court's rulings on counts two through eleven without needlessly waiting.

For the reasons stated, there is no just reason for delay. It is hereby **ORDERED** that Plaintiff's unopposed motion for entry of final judgment, Dkt. 77, is **GRANTED**. **FINAL JUDGMENT** is directed and entered as to counts two through eleven of the amended complaint and as to Defendants Ryan Rall, the Commonwealth of Virginia, and the Rector and Board of Visitors of the University of Virginia.

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this  28th  day of April, 2021.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE